UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF EDUCATION,<br><br>Defendant. | Civil Action No. 25-0940 (SLS) |

## ANSWER

Defendant United States Department of Education ("Education" or the "Department") hereby answers Plaintiff's Complaint in this Freedom of Information Act ("FOIA") action and submits its affirmative defenses as follows. Defendant responds to the separately numbered paragraphs (as numbered by Plaintiff) and prayer for relief contained in the Complaint below. To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendant responds to the Complaint in like numbered paragraphs as follows:

## JURISDICTION AND VENUE[1]

1. This paragraph asserts conclusions of law regarding jurisdiction to which no response is required. To the extent any response is deemed required, Defendant admits that this Court has subject matter jurisdiction over FOIA claims, subject to the terms and limitations of FOIA.

2. This paragraph asserts conclusions of law regarding venue to which no response is required. To the extent any response is deemed required, Defendant admits that venue can be found in this judicial district.

## PARTIES

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4. Admitted that Defendant is a federal agency within the meaning of FOIA, with its headquarters located in Washington, DC. Defendant denies the remaining allegations in this paragraph.

## STATEMENT OF FACTS

5. Defendant admits that it received FOIA requests from Plaintiff in February 2025. To the extent the remaining allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the

---

[1] For ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

remaining allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Federal Rule of Civil Procedure ("Rule") 12(f).

6. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

7. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

8. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims

of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

9. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

*IES Contract Cancellations FOIA (25-02408-F)*

10. Defendant admits that Plaintiff sent a FOIA request to Defendant on February 13, 2025. Defendant further admits that Plaintiff sought expedited processing. Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

11. Defendant admits that Plaintiff sought expedited processing. Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

12. Defendant admits that on February 14, 2025, it acknowledged Plaintiff's request, assigned it tracking number 25-02408-F, and denied Plaintiff's request for expedited processing. Defendant respectfully refers the Court to the letter itself for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

13. Defendant admits that it sent a "20-Day Notification" letter on March 14, 2025. Defendant respectfully refers the Court to that letter for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

14. Defendant admits that as of the date of the Complaint (March 31, 2025), the Department had not sent any communication to Plaintiff about the FOIA request. Defendant, however, avers that on June 3, 2025, it sent a final response to Plaintiff pursuant to Plaintiff's proposal for narrowing sent to Defendant's counsel on June 3, 2025.

*Dear Colleague Letter and External Communications Request (25-02493-F)*

15. Defendant admits that Plaintiff sent a FOIA request on February 21, 2025. Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

16. Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

17. Admitted.

18. Defendant admits that as of the date of the Complaint (March 31, 2025), the Department had not sent any communication to Plaintiff about the FOIA request.

*Exhaustion of Administrative Remedies*

19. Admitted as to the first sentence. Defendant, however, avers that on June 3, 2025, it sent a final response to Plaintiff regarding 25-02408-F pursuant to Plaintiff's proposal for narrowing sent to Defendant's counsel on June 3, 2025. The second sentence consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the FOIA and denies any allegations inconsistent therewith.

**CLAIM FOR RELIEF**

**Count 1 (Violation of FOIA, 5 U.S.C. § 552)**

20.     This paragraph contains no factual allegations requiring a response.  To the extent a response is deemed required, Defendant incorporates its responses to each of the prior paragraphs as if fully restated herein.

21.     The allegations contained in this paragraph consist of conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the cited statute and denies any allegations inconsistent therewith.

**REQUEST FOR RELIEF**

This paragraph consists of Plaintiff's requests for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested.

**DEFENSES**

All allegations not expressly admitted are denied.  Moreover, Defendant raises the following defenses to Plaintiff's allegations. Defendant hereby reserves any and all other defenses or affirmative defenses not currently known, which it has or learns may be applicable.

1.      The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under FOIA, 5 U.S.C. § 552.

2.      Plaintiff's Complaint fails to state a claim for which relief can be granted, as Defendant has not unlawfully withheld any records within the meaning of the FOIA, 5 U.S.C. § 522.

3.      Plaintiff is not entitled to compel the release of records exempt from disclosure under FOIA. *See* 5 U.S.C. § 552(b).

4.      Some or all of the records and requested information in Plaintiff's FOIA requests are exempt in whole or in part under FOIA, and foreseeable harm would result from the release of this information. *See* 5 U.S.C. § 552(b).

5.      Defendant has exercised due diligence in processing Plaintiff's FOIA request, and exceptional circumstances exist that necessitate additional time for Defendant to complete its processing of the FOIA request. See 5 U.S.C. § 552(a)(6)(C).

6.      The Complaint should be dismissed to the extent the FOIA requests fail to reasonably describe the records sought and/or presents an unduly burdensome effort of search, review, redaction and production for Defendant.

7.      To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

8.      Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

Dated: June 16, 2025
Washington, DC

                    Respectfully submitted,

                    JEANINE FERRIS PIRRO
                    United States Attorney

                    By:       */s/ Erika Oblea*
                         ERIKA OBLEA, D.C. Bar #1034393
                         Assistant United States Attorney
                         601 D Street, NW
                         Washington, DC 20530
                         (202) 252-2567
                         erika.oblea@usdoj.gov

                    *Attorneys for the United States of America*